# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 9, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| ASHLEY BORDERS and MATTHEW BYLER, *on behalf of A.B.,* *a minor child,* | * * * * | Unpublished |
| Petitioner, | * * | No. 19-535V |
| v. | * * | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Final attorneys' fees and costs; Guardianship Costs. |
| Respondent. | * | |
| * * * * * * * * * * * | | |

*Anne Carrion Toale,* Maglio Christopher and Toale, Sarasota, FL, for petitioner.
*Colleen Clemons Hartley,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON FINAL ATTORNEYS' FEES AND COSTS[1]

On December 6, 2022, Ashley Borders and Matthew Byler, on behalf of A.B., ("petitioners"), filed a motion for final attorneys' fees and costs. Petitioner's Fees Application ("Fees App.") (ECF No. 63). For the reasons discussed below, I hereby **GRANT** petitioner's motion for attorneys' fees and costs consistent with the following opinion.

### I. Procedural History

On April 11, 2019, petitioners filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioners alleged that as a result of A.B. receiving the Hepatitis B ("Hep B") vaccine on September 27, 2017 caused him to suffer transverse myelitis ("TM").

---

[1] In accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012), because this opinion contains a reasoned explanation for the action in this case, **this opinion will be posted on the website of the United States Court of Federal Claims**. This means the opinion will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). **If neither party files a motion for redaction within 14 days, the entire opinion will be posted on the website and available to the public in its current form.** *Id*.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

Petition (ECF No. 1).

On June 24, 2019, petitioner filed a statement of completion indicating that all of the medical records were submitted. (ECF No. 10). On August 23, 2019, respondent filed a status report requesting additional medical records to assist in the informal resolution of this claim. (ECF No. 11). On December 10, 2019, petitioner filed another statement of completion, indicating all of the medical records were filed. (ECF No. 20). The same day, petitioner filed a status report indicating that a life care planner was necessary in this case. (ECF No. 19).

On May 7, 2020, petitioner filed a status report reporting to the court that a joint life care plan site visit was planned for early June 2020. (ECF No. 23). Petitioner filed another status report on July 10, 2020, indicating that the joint site visit took place on June 22, 2020, and petitioner's life care planner was preparing a draft life care plan. (ECF No. 25). Petitioner transmitted the life care plan to respondent on January 22, 2021. (ECF No. 35). Petitioner filed additional medical records on June 25, 2021. (ECF No. 39). On September 13, 2021, respondent replied to petitioner's demand and file a status report indicating the same had been done. (ECF No. 43).

On November 12, 2021, petitioner filed a status report that the parties are too far apart to resolve the case via settlement and recommended filing an expert report in sixty days. (ECF No. 46). However, on January 18, 2022, respondent emailed my law clerk requesting a 15-week order advising that the parties had agreed to settle the case. On January 19, 2022, a 15-week stipulation order was entered. (ECF No. 48). On June 10, 2022, I authored a Decision for Stipulation, memorializing the agreed upon stipulation. Decision for Stipulation (ECF No. 56).

On December 6, 2022, petitioner filed the instant attorneys' fees and costs motion. Fees App. Petitioners request a total of $72,325.80 in attorneys' fees and $19,558.14 in attorneys' costs. *Id*. at 1. Petitioners request reimbursement for fees associated with the establishment of a guardianship in the amount of $8,160.00 while being represented by Ms. Ashley Burke of The Law Offices of Burke and Pecquet, LLC. *Id*. at 2. Additionally, Ms. Burke explained that petitioners will be required to expend between $6,960.00 and $7,460.00 (total) in annual fees and costs, in order to access the minor child's funds until he reaches the age of majority. *Id*. Petitioner filed a letter related to future court costs related to the guardianship and projected the annual costs for the next 12 years to be $80.00 a year, the termination of the guardianship for a total of $960.00, attorney fees of $500.00 to $600.00 per year for the next 12 years, for a total of $6,000.00 to $6,500.00, for a total of either $6,9600.00 or $7,460.00. Pet. Ex. 25 at 1-2. A.B. was born on December 23, 2016, A.B. is currently 6 years old, and A.B. will reach the age of maturity on December 23, 2034 – in 12 years.

On December 9, 2022, respondent filed a response to petitioner's motion. Respondent's Response ("Response") (ECF No. 64). Respondent requested "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 4. Respondent cited to *McCulloch,* where the Federal Circuit held that the maintenance of a guardianship was allowed under section 15(e)(1) of the Vaccine Act. *See McCulloch v. HHS*, 923 F.3d 998 (Fed. Cir. May 3, 2019), while noting that petitioner had not discussed the requirement of state guardianship law in Ohio as it impacts the costs of maintaining the guardianship which was central to the decision in *McCulloch.*

On December 13, 2022, petitioners filed a reply to respondent's response with a supplemental affidavit regarding the future guardianship costs. Pet. Reply (ECF No. 65). The supplemental affidavit outlined that "pursuant to Ohio Revised Code 2111.46 a guardianship of a minor is to continue until the minor reaches the age of eighteen or until the Court terminate[s] the guardianship, whichever occurs first and indicated what filings and reports were required under Ohio law." Pet. Ex. 26 at 1.

This matter is now ripe for adjudication.

II.     **Applicable Legal Standard for Attorneys' Fees and Costs**

The Vaccine Act provides that the special master shall award "reasonable" attorneys' fees and costs for any petition that results in an award of compensation. § 300aa–15(e)(1). In this case, petitioner was awarded compensation pursuant to a joint stipulation. Therefore, she is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under the lodestar approach, a court determines the number of hours reasonably expended in the case and reasonable hourly rates for the attorney(s) involved. Id. at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The court multiplies those numbers and may adjust the sum upwards or downwards based on other specific findings.

Petitioners "bea[r] the burden of establishing that the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1993). A request for attorneys' fees should be supported by contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *Savin v. Sec'y of Health & Human Servs.,* 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgement, [is] reasonable for the work done." Id. at 1552. The special master may reduce a request sua sponte, apart from objections raised by respondent and without providing petitioner notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.,* 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.,* 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

The "reasonableness" requirement also applies to costs. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (1992). A request for costs incurred by either counsel or the petitioner himself should include supporting documentation, such as invoices from experts and itemized receipts. Like a request for attorneys' fees, a request for costs may be reduced *sua sponte* and based on the special master's experience and discretion.

    **a. Hourly rate**

3

Petitioners request a total of $72,325.80 in attorneys' fees. Fees App. at 1. Specifically, petitioner's request fees for their attorneys Mr. Altom Maglio, Ms. Anne Toale, and Ms. Danielle Strait, along with medical records paralegals Ms. Amy Semanie, Ms. Dashea King, and Ms. Mackenzie Riordan, and paralegals Ms. Elena Siamas, Ms. Elyssa Estrella, Ms. Jennifer Gutierrez, Ms. Katherine Ochoa Castillo, Ms. Kristen Harding, Ms. Lindsay Wilkinson, Ms. Sabrina Sherali, Ms. Tara Thorn, Ms. Houston, Ms. LaCroix, and Mr. Antinori. Exhibit 19. Below are the rates requested by the three attorneys and the fourteen paralegals. *Id*. at 36-37.

| Attorneys | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|
| Mr. Maglio | $381.00 | $400.00 | N/A | $445.00 | N/A |
| Ms. Toale | N/A | $420.00 | $445.00 | $475.00 | $500.00 |
| Ms. Strait | $322.00 | N/A | N/A | N/A | N/A |

| Paralegals | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|
| Ms. Semanie | | | $145.00 | $155.00 | |
| Ms. King | | | $145.00 | | |
| Ms. Riordan | | | | $165.00 | |
| Ms. Siamas | | | | $165.00 | $170.00 |
| Ms. Estrella | | | | $165.00 | $170.00 |
| Ms. Gutierrez | $148.00 | $154.00 | $160.00 | $165.00 | $170.00 |
| Ms. Castillo | | $154.00 | | | |
| Ms. Harding | | $154.00 | $160.00 | | |
| Ms. Wilkinson | | | | $165.00 | |
| Ms. Sherali | | $154.00 | | | |
| Ms. Thorn | | | $160.00 | $165.00 | |
| Ms. Houston | $140.00 | $145.00 | $145.00 | | |
| Ms. LaCroix | | | | $165.00 | |
| Ms. Antinori | | | | | $170.00 |

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Avera, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. Id. This is known as the Davis County exception. *Hall v. Sec'y of Health & Human Servs.,* 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Succinctly stated, the forum rate is the "default rate" unless there is a "very significant difference" between local and forum rates. For cases in which forum rates apply, *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.,* No 09-

293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016 and from 2017-2023, which can be accessed online.

The attorneys practicing at Maglio Christopher & Toale, have repeatedly been found to be "in-forum," and therefore are entitled to the forum rates utilized by the Office of Special Masters. *See Freyre v. Sec'y of Health & Hum. Servs.*, No. 16-866V, 2020 WL 3619506, at *2 (Fed. Cl. Spec. Mstr. June 18, 2020); *Monterroso v. Sec'y of Health & Hum. Servs.*, No. 17-1310V, 2019 WL 7494982, at *2 (Fed. Cl. Spec. Mstr. Dec. 9, 2019); *Samuels v. Sec'y of Health & Hum. Servs.,* No. 17-071V, 2020 WL 6395508, at *3 (Fed. Cl. Sept. 25, 2020). Therefore, the attorneys' fees will be awarded in full with no reduction.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." Avera, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxon*, 3 F.3d at 1521 (quoting, *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.,* No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.,* No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), mot. for rev. denied, 129 Fed. Cl. 691 (2016).

After a review of the billing log, I have determined that a reduction is not warranted, and the number of hours requested appears to be appropriate.

### c. Attorneys' Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 26, 34 (1992). Petitioners request a total of $19,558.14 in costs.

#### 1. Reasonable attorneys' costs

The request for attorneys' costs of $19,558.14 including the cost of acquiring medical records, the Court's filing fee, Pacer Fees, retention of expert Life Care Consultants, and shipping are well documented in this case. Pet. Ex. 20. Petitioner has submitted invoices from experts retained in this case, including from Life Care Consultants, to assist in the creation and analysis of a life care plan, and for Dr. Andrew R. Pachner, a consulting neurologist. Id. at 62 Most of the attorneys' costs are related to the retention of the life care planner.

Specifically, the Life Care Consultants request a total of $17,577.73 for 136.80 hours at rates from $110.00-$185.00 per hour, travel expenses for an in-person life care plan visit, and a retainer. Pet. Ex. 20 at 52. Previous rates that have been awarded to experienced life care planners range from $125.00 per hour to $250.00 per hour. *See Brown v. Sec'y of Health &*

5

*Human Servs.,* No. 18-786V, 2022 WL 3591238 (Fed. Cl. Spec. Mstr. July 28, 2022) (approving a rate of $125.00 per hour for an experienced life-care planner); *Peters v. Sec'y of Health & Human Servs.*, No. 16-638V, 2021 WL 4269915 (Fed. Cl. Spec. Mstr. April 20, 2021) (approving a rate of $250.00 per hour for work performed by a registered nurse and experienced life care planner). I find these costs to be reasonable and petitioner has provided adequate documentation, therefore these costs will be awarded in full. Further, petitioner is requesting $1,000.00 for two hours of "brief case review and phone call," at a rate of $500.00 per hours for Dr. Pachner, a consulting neurologist. *Id.* at 62. These costs are reasonable and well documented and shall be awarded in full.

### III. Fees Incurred for Guardianship Creation and Maintenance

In addition to the fees and costs generated by the Maglio firm, petitioners are also seeking reimbursement of attorneys' fees related to the guardianship proceedings undertaken by Ms. Ashley Shannon Burke of The Law Offices of Burke & Pecquet, LLC, for the fees incurred in obtaining a legally required guardianship, the fees incurred to date, and the future fees required for 12 years in order to access the minor child's funds until he reaches the age of majority. *See* Pet. Ex. 25; Pet. Ex. 26. Fees App. at 2-4.

Where, as here, guardianship is incorporated into the terms of an award based on stipulation, special masters have often awarded costs relating to the establishment of the guardianship estate in the form of attorneys' fees. See e.g., *Martin v. Sec'y of Health & Human Servs.*, No. 16-318V, 2019 WL 625442 (Fed. Cl. Spec. Mstr. Jan 22, 2019); *Derenzo v. Sec'y of Health & Human Servs.*, No. 16-35V, 2018, WL 1125231 (Fed. Cl. Spec. Mstr. Jan 9, 2018); *Cansler v. Sec'y of Health & Human Servs.,* No. 09-596V, 2011 WL 597791, at *3 (Fed. Cl. Spec. Mstr. Feb. 2, 2011); *Strickland v. Sec'y of Health & Hum. Servs.,* No. 18-269V, 2023 WL 2364907, at *8 (Fed. Cl. Mar. 6, 2023).

Here, petitioners' guardianship attorney, Ms. Burke asks for reimbursement for the fees and costs incurred relative to the establishment of a guardianship of the estate of the minor child, in the amount of $8,160.00. Fees. App at 2. Ms. Burke is seeking reimbursement at an hourly rate of $330.00 per hour and $190.00 per hour for the work of a paralegal. Pet. Ex. 24. At that rate, Ms. Burke has billed $8,160.00 for the establishment of the guardianship and obtaining the initial court approval of it. *Id.* She has further explained that the court in Ohio requires the filing of a request for court approval of withdrawals from the funds by the guardian and an annual report to the court. In support of this request, petitioner submitted two letters from Ms. Burke which outlined the section of the Ohio code governing guardianship filing requirements and fees. *See* Pet. Ex. 25; Pet. Ex. 26. Ms. Burke anticipates court costs of $80.00 per year for 12 years, for a total of $960.00 to cover filing fees. Pet. Ex. 26 at 2. She further anticipates attorneys' fees of $500.00-$600.00 per year, for 12 years, for a total of $6,000.00-$6,500.00, for a total of $6,960.00-$7,460.00. *Id.* I find these fees as billed and projected to be reasonable.

In *McCulloch,* I awarded petitioner's attorneys' fees request, which included funds for the preparation of an annual guardianship plan, the annual accounting to the Court, an annual audit fee, and the annual bond premium. See *McCulloch v. Secretary of Health & Human Servs.*, No. 09-293V, 2017 WL 7053992, at *1–2 (Fed. Cl. Spec. Mstr. Dec. 19, 2017). Respondent sought review and reversal of the award of costs petitioners would incur in the court of

6

maintaining the guardianship through petitioner's life. Judge Lettow, of the Court of U.S. Court of Federal Claims, held that amounts required to maintain guardianship were compensable under the Vaccine Act, and the Government appealed. *See McCulloch v. Sec'y of Health & Hum. Servs.,* 137 Fed. Cl. 598, 599 (2018), aff'd on other grounds, 923 F.3d 998 (Fed. Cir. 2019). On appeal from the United States Court of Federal Claims, the United States Court of Appeals of the Federal Circuit, affirmed my order and found that the expenses of the creation and maintenance of a guardianship come within § 300aa–15(e)(1) and are therefore an allowable expense. *See McCulloch v. Sec'y of Health & Hum. Servs.*, 923 F.3d 998 (Fed. Cir. 2019).

I have reviewed the projected expenses to comply with the requirements of the state court and found them reasonable. The expenses of establishing the guardianship and the future costs to maintain the guardianship are compensable under *McCulloch,* and do not warrant a reduction. As such, petitioners' attorney, Ms. Burke will be awarded a total of $8,160.00 in attorneys' fees and costs for establishment of the guardianship and $7,460.00 for the maintenance of the guardianship for E.S until he reaches majority.

## IV. Conclusion

In accordance with the foregoing, petitioners' application for final attorneys' fees and costs is GRANTED. I find they are entitled to the following reasonable attorneys' fees and costs:

### a. Attorneys' Fees and Costs for the Maglio Firm

| | |
|---|---|
| Attorneys' Fees Requested: | $72,325.80 |
| (Reduction of Attorneys' Fees): | ($0) |
| **Final Attorneys' Fees Award:** | **$72,325.80** |
| | |
| Final Attorneys' Costs Requested: | $19,558.14 |
| (Reduction of Attorneys' Costs) | ($0) |
| **Final Attorneys' Costs Awarded:** | **$19,558.14** |
| | |
| **Total Attorneys' Fees and Costs:** | **$91,883.94** |

### b. Attorneys' Fees and Costs for Ms. Burke - Guardianship

| | |
|---|---|
| Past Attorneys' Fees and Costs Requested: | $8,160.00 |
| **Past Final Attorneys' Fees Awarded:** | **$8,160.00** |
| | |
| Future Attorneys' Fees and Costs Requested: | $7,490.00 |
| **Future Final Attorneys' Fees Awarded:** | **$7,490.00** |
| | |
| **Total Attorneys' Fees and Costs Guardianship:** | **$15,650.00** |

**Accordingly, I award the following:**

**A) A lump sum in the amount of $91,883.94 representing reimbursement for final attorneys' fees and costs, in the form of a check payable jointly to petitioners and**

**their counsel, Ms. Anne Carrion Toale of Maglio, Christopher & Toale Law Firm.**

B) **A lump sum payment, in the amount of $15,650.00, payable to petitioners, representing $8,160.00 in reimbursement of fees charged by attorney Ashley Shannon Burke for establishment of a guardianship, and $7,490.00 in future court costs and fees for the maintenance of the guardianship as required by the State of Ohio.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).